## Richmond

### James B. Walker v. Commonwealth of Virginia.

October 8, 1973.

Record No. 8231.

Present, All the Justices.

*Edward H. Grove, III (Brault, Lewis, Geschickter & Palmer, on brief), for plaintiff in error.*

*Linwood T. Wells, Jr., Assistant Attorney General (Andrew P. Miller, Attorney General, on brief), for defendant in error.*

Per Curiam.

The defendant, James B. Walker, was indicted in the trial court for statutory burglary. Counsel was appointed to represent him. However, prior to trial he asked the court for new counsel, asserting that he and his appointed attorney were "incompatible." When the court stated that it had appointed "able and competent counsel," the defendant replied that he was not contending counsel was incompetent.

The court denied the defendant's request for new counsel. The defendant then refused to cooperate with his counsel and stood mute throughout the ensuing trial. Counsel remained at the defendant's side during the trial, pursuant to the court's direction, but was prohibited by the defendant from participating in the proceedings.

The jury found the defendant guilty as charged, and the trial court imposed the sentence, three years in the penitentiary, fixed by the

jury. The defendant then moved the court to appoint new counsel to represent him on appeal, again asserting "incompatibility" as the ground for his request. When pressed by the court for other reasons he wanted a new attorney, the defendant replied that he believed counsel had not been competent at trial. The court denied the motion, and this denial is the basis of the sole assignment of error now before us.

We affirm. The defendant, by preventing counsel from participating in the trial, waived the right to claim incompetency on the part of counsel at trial. So the defendant was left with a claim of incompatibility as the sole ground of his motion for appointment of a new attorney. That ground, standing alone, was not sufficient to require granting the motion.

*Affirmed.*